IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 24-167 |
| | : | |
| KEVIN HOLLOWAY, et al. | : | |

**ORDER**

AND NOW, this 20th day of August, 2026, upon consideration of the Defendants' Motion to Dismiss the Indictment for Lack of Jurisdiction (ECF No. 128), the Government's Response in Opposition and the Superseding Indictment, it is ORDERED the Motion is DENIED.[1]

---

[1] On April 24, 2024, Defendants Kevin Holloway, Mark Scott, Linton Mathis, Atiba Wicker, and Kenneth Tuck were charged by indictment with one count of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) and with one count of conspiracy to commit kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1), (c). ECF No. 1. On March 23, 2026, the Defendants moved to dismiss the indictment, arguing (1) indictment is deficient for failing to plead a connection between the use of a cell phone and interstate commerce and (2) there is legally insufficient evidence the Defendants used cellular phones to commit the offenses charged. *See* Mot. Dismiss, ECF No. 128. The Government filed a response in opposition and subsequently filed a Superseding Indictment charging the Defendants with one count of kidnapping under 18 U.S.C. § 1201(a)(1). ECF No. 155. The motion is now ripe for review.

As to the issue of insufficient evidence, a motion to dismiss is the improper tool to challenge evidentiary deficiencies. *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000). "[S]uch dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *Id.* at 661. "Rather, in considering a defense motion to dismiss an indictment, the district court must accept as true the factual allegations set forth in the indictment." *United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) (citation modified). The Superseding Indictment details the Defendants' cell phone use. *See* Superseding Indictment Count One ¶ 25-28 (detailing the use of cellphones in the facilitation of the kidnapping); *see also Id.* ¶ 59-62, ¶ 74-75. Arguments concerning the evidence supporting those statements may be presented at trial.

Turning to the second issue, whether a cell phone is a *per se* instrument of interstate commerce, Defendants are correct to state that there is no case in the Third Circuit stating that cell phones are *per se* an instrumentality of interstate commerce. However, they also fail to cite *any* case that finds cell phones, either *per se* or as used in the specific case, are not an instrument of interstate commerce. The Defendants stake their argument on a recent case out of the Tenth Circuit which finds "motor vehicles" is too broad to be considered "per se instrumentalities of interstate commerce for purposes of the federal kidnapping statute." *United States v. Chavarria*, 140 F.4th 1257, 1269 (10th Cir. 2025). Yet, several circuits have found that cell phones are instrumentalities. *See, e.g. United States v. Weathers*, 169 F.3d 336, 341 (6th Cir. 1999) ("It is well established that

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

telephones, even when used intrastate, constitute instrumentalities of interstate commerce . . . similarly, cellular telephones, even in the absence of evidence that they were used to make interstate calls, have been held to be instrumentalities of interstate commerce." (citations and emphasis omitted)); *United States v. Giordano*, 442 F.3d 30, 40 (2d Cir.2006) (holding, as a matter of statutory interpretation, that intrastate telephone use constitutes the use of a facility or means of interstate commerce); *United States v. Mandel,* 647 F.3d 710, 716 (7th Cir. 2011) (same); *United States v. Clayton,* 108 F.3d 114, 117 (9th Cir. 1997) (same). The Tenth circuit itself has held telephones are instrumentalities of interstate commerce, *see Kerbs v. Fall River Indus,* 502 F.2d 731, 738 (10th Cir. 1974), and has held in an unpublished opinion that cell phones are as well. *United States v. Means,* 297 Fed. Appx. 755, 759 n. 5 (10th Cir. 2008). The Defendants may raise any evidentiary issues regarding cell phone use at trial. The motion is denied.